MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Joy Fahr,<br><br>          Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>          Respondents. | No. CV 20-08114-PCT-DGC (DMF)<br><br>**ORDER** |

On May 15, 2020, Petitioner Robin Joy Fahr, who is confined in the Arizona State Prison Complex-Perryville in Buckeye, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a Petition for Release Under COVID19 Pandemic (Doc. 3). The Court will require an answer to the § 2254 Petition and a response to the Petition for Release.

**I.     Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that her inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Yavapai County Superior Court, case #CR201180486 of one count each of fraudulent schemes and artifices, identity theft, and forgery. She was

TERMPSREF

sentenced to concurrent sentences, the longest of which was 10.5 years in prison.[1] Petitioner was also convicted in Yavapai County Superior Court, case #CR201280089 of two counts of forgery. She was sentenced to concurrent 4.5-year terms of imprisonment, to be served consecutively to the sentence imposed in CR201180486.

In her Petition, Petitioner names the State of Arizona, the County of Yavapai, and the Arizona Department of Corrections as Respondents. Because a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition, *see* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997), the Court will substitute Arizona Department of Corrections Director David Shinn as Respondent.

In Ground One, Petitioner alleges that her plea was not voluntary, knowing, or intelligent, and therefore violated her Sixth and Fourteenth Amendment rights. *See* Doc. 1 at 5.[2] She claims she pleaded guilty "based on promises from outside the record that the State would recommend and the court had agreed that she would be sentenced to concurrent prison terms totaling no more than 10.5 years in prison." *See* Doc. 1-1 at 5. Petitioner also alleges her counsel was ineffective in the plea negotiations. *See id.* at 7.

In Ground Two, Petitioner contends that she never agreed to consecutive terms, and that she was not told by her attorney "anything but concurrent terms" would be imposed, for a "10 1/2 total." *See* Doc. 1 at 7. Petitioner also asserts her attorney never addressed whether the sentences should be concurrent. *See* Doc. 1-1 at 10-11.

In Ground Three, Petitioner alleges there was inaccurate information in the presentence report, her attorney did not provide her with a copy of the presentence report, and the information was "used against [her] for aggravating circumstances." *See* Doc. 1

---

[1] The Court ordered the sentences to run consecutively to sentences imposed in the Superior Court of Pima County. *See* https://apps.supremecourt.az.gov/publicAccess/minutes.aspx (search "Court" for "Yavapai County Superior" and "Case Number" for "CR 201180486"; click on hyperlink for 6/23/2014 Minute Entry) (last visited May 21, 2020)

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

**TERMPSREF**

at 8. She claims she only received a copy of the presentence report after her petition for post-conviction relief was filed. *See id.* She also alleges she received ineffective assistance of counsel at sentencing. *See* Doc. 1-1 at 8-10.

In Ground Four, Petitioner appears to challenge the trial court's denial of her request to modify her sentence in CR #201280089 "to IPS or probation" due to her medical conditions, her inability to work, and the Arizona Department of Corrections "no longer provid[ing] indigent supplies of any kind." *See* Doc. 1 at 10. She also raises issues regarding the trial court's rulings regarding presentence credit and restitution. *See* Doc. 1-1 at 7, 12.

It is unclear whether Petitioner presented any of these issues to any Arizona appellate court. But even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred. In light of the possibility of a procedural bar, a summary dismissal would be inappropriate. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Thus, the Court will require Respondent to answer the Petition. 28 U.S.C. § 2254(a).

### III.  Petition for Release

In her Petition for Release, Petitioner states that she is more than 59 years old, was convicted of non-dangerous crimes, and has a serious mental illness, Crohn's Disease, Chronic Obstructive Pulmonary Disease (COPD), a severely compromised immune system, and other health issues. She alleges she is afraid her sentence will be a "death sentence . . . with this COVID 19 running through this place." Petitioner contends she went for a wellness check on April 18, 2020, and told the nurse that she could not breathe, her body hurt, and she had a cough, headache, nausea, dizziness, and fatigue, but the nurse told her to submit a health needs request form and to rest. Petitioner states that she still has the same symptoms, plus flu symptoms, but the medical department does nothing other than check for a fever. Petitioner also asserts that she "filed for clemency [on] April 8[,]

2020[,] through [the] Ariz. Dept of Corrections under the COVID 19," but Arizona Governor Ducey had previously stated on the news that he was not going to release inmates.

Petitioner asks the Court to release her "due to [the] threat of [her] losing [her] life with COVID19" or modify the remainder of her sentence to "IPS" or house arrest or probation. The Court will require Respondent to file a response to the Petition for Release.

### IV. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

#### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) Arizona Department of Corrections Director David Shinn is **substituted** for Respondents State of Arizona, County of Yavapai, and Arizona Department of Corrections.

(3) The Clerk of Court must serve a copy of the Petition (Doc. 1), the Petition for Release (Doc. 3), and this Order on the Respondent and the Attorney General of the

TERMPSREF

State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition, the Petition for Release, and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition, the Petition for Release, and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(4)   Respondent must file a response to the Petition for Release within **14 days** of the date of service.  Petitioner may file a reply within **7 days** of the date of service of the response.

(5)   Respondent must answer the Petition within **40 days** of the date of service.  Respondent must not file a dispositive motion in place of an answer.  Respondent may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(6)   Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative

TERMPSREF

Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(7) Petitioner may file a reply within **30 days** from the date of service of the answer.

(8) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 2nd day of June, 2020.

David G. Campbell
Senior United States District Judge

**TERMPSREF**