MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Joy Fahr, | No. CV 20-08114-PCT-DGC (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Respondents. | |

On May 15, 2020, Petitioner Robin Joy Fahr, who is confined in the Arizona State Prison Complex-Perryville in Goodyear, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, an Application to Proceed In Forma Pauperis, and a Petition for Release Under COVID19 Pandemic (Doc. 3). In a June 2, 2020 Order, the Court granted the Application to Proceed and called for an answer to the § 2254 Petition and a response to the Petition for Release. On June 16, 2020, Respondent David Shinn filed a Response to the Petition for Release; on June 26, 2020, Petitioner filed a Reply. The Court will deny the Petition for Release.

**I.     Petition for Release, Response, and Reply**

In her Petition for Release, Petitioner states that she is 59.5 years old, was convicted of non-dangerous crimes, has approximately five years remaining on her sentence, and has a serious mental illness, Crohn's Disease, Chronic Obstructive Pulmonary Disease (COPD), a severely compromised immune system, and other health issues. She alleges she is afraid her sentence will be a "death sentence . . . with this COVID 19 running through

this place." Petitioner contends that the Arizona Department of Corrections (ADC) "is not doing anything for us" and that she went for a wellness check on April 18, 2020, and told the nurse that she could not breathe, her body hurt, and she had a cough, headache, nausea, dizziness, and fatigue, but the nurse told her to submit a health needs request form and to rest. Petitioner states that she still has the same symptoms, plus flu symptoms, but the medical department does nothing other than check for a fever. Petitioner also asserts that she "filed for clemency [on] April 8[,] 2020[,] through [ADC] under the COVID 19," but Arizona Governor Ducey had previously stated on the news that he was not going to release inmates. Petitioner requests the Court release her "due to [the] threat of [her] losing [her] life with COVID19" or modify the remainder of her sentence to "IPS," house arrest, or probation.

In his Response, Respondent alleges Petitioner is essentially seeking an injunction requiring ADC to release her because she fears contracting COVID-19 in prison, which is separate from the issues raised in her § 2254 Petition and is based on Petitioner's physical condition and ADC's alleged inability to treat her conditions, not errors made in her state-court criminal proceedings. Respondent contends that the fear of catching a virus does not involve an alleged constitutional error in the state-court criminal proceeding and is not sufficient to state a habeas claim. Finally, Respondent asserts that to the extent Petitioner is alleging she is not receiving adequate medical care, this is a conditions of confinement claim, not a habeas claim, and must be raised in a civil rights lawsuit. Respondent contends ADC "takes the issues involved with COVID-19 very seriously and has taken a series of measures to combat and minimize the effect of this virus" and, moreover, medical care and medical providers are available to Petitioner.

In her Reply, Petitioner raises many issues beyond the scope of her Petition for Release, making assertions regarding, among other things, the treatment and denial of medical care for her underlying medical conditions and the general conditions of her confinement in prison. Regarding her Petition for Release, she alleges that regardless of ADC's claims that "it is trying with the COVID 19 issues," not all of ADC's staff complies

1  with ADC's directives, inmates are not given masks, "[n]o one in medical wears [a] mask,"
2  "they <u>ask about a fever</u>, [but] don[']t <u>check for one</u>," the virus spreads "more and more"
3  because inmates come in weekly from the county jails and there is "cross leveling w/CO2
4  from unit to unit/yard to yard," inmates are not receiving the cleaning supplies and soap
5  ADC claims to be providing, and ADC cannot control "the quarantine areas" and inmates
6  "are coming out befor[e] 14 days are up."  In sum, Petitioner contends that although ADC
7  may be trying to prevent the spread of the virus, the "system's broken and they <u>certainly</u>
8  <u>are not</u>, and <u>cannot control[] th[e] spread of the virus</u>."  She requests the Court release her
9  to "home confinement under COVID 19 pand[e]m[i]c, releases for [non-dangerous] crime,
10 good behavior with underl[ying] condition[]s."

**II.    Discussion**

The issue Petitioner raises in her Petition for Relief—release due to COVID-19—is distinct from the issues raised in her § 2254 Petition.  Assuming Petitioner can seek release due to COVID-19 in a habeas petition, Petitioner is first required to exhaust her **state-court remedies**.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).[1] Petitioner has not presented anything to suggest she has done so regarding her COVID-19 claim.  *See Williams v. Reiser*, 2020 WL 3097181, and *2-3 (W.D.N.Y. June 11, 2020) (dismissing § 2254 petitioner's COVID-19 habeas claims for failure to exhaust in state court); *Griffin v. Cook*, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (dismissing § 2254 petitioner's COVID-19 claims for failure to exhaust and noting that this was

---

[1] An Arizona petitioner sentenced to less than the death penalty may exhaust her federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).  To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).

- 3 -

"consistent with the rulings of many federal courts nationwide that have addressed similar petitions by sentenced state prisoners in response to the COVID-19 pandemic").

In addition, although exhaustion may be excused if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B), Petitioner has presented nothing to suggest that either of these conditions have been met or that the exhaustion requirement should be waived. *See Cobb v. Wolcott*, 2020 WL 3470166, at *3 (W.D.N.Y. June 25, 2020) (concluding "[s]tate court collateral review proceedings remain available" and noting that New York state courts "have considered, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic."); *Williams*, 2020 WL 3097181, at *4 ("Courts may excuse petitioners from exhausting their claims when 'relief is truly unavailable,' but excusing exhaustion here, where state courts are available, 'would turn the habeas system upside down.'" (quoting *Money v. Pritzker*, 2020 WL 1820660, at *22 (N.D. Ill. Apr. 10, 2020))).

Because Petitioner has failed to exhaust her COVID-19 claim in the Arizona state courts and has failed to allege anything to suggest that exhaustion should be waived, the Court will deny her Petition for Release.

The Court notes that challenges to conditions of confinement, threats to safety or health based on inmate population density, exposure to the COVID-19 virus, lack of medical testing and medical staff, or unsanitary conditions are properly raised in a civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (the proper remedy for complaints challenging conditions of confinement is a civil rights action under 42 U.S.C. § 1983). Although release from prison is not an available remedy in a civil rights action, other types of injunctive relief are available, such as enjoining unconstitutional conduct or requiring compliance with protective measures. Petitioner should take note, however, that civil rights actions by prisoners are subject to the Prison Litigation Reform Act, which imposes filing fee obligations for prisoners, requires the Court to sua sponte screen civil

rights actions, and limits the number of in forma pauperis civil rights actions a prisoner can file.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge Deborah M. Fine is withdrawn only with respect to Petitioner's Petition for Release (Doc. 3). All other matters must remain with Magistrate Judge Fine for disposition as appropriate.

(2) Petitioner's Petition for Release (Doc. 3) is **denied**.

Dated this 7th day of July, 2020.

_____
David G. Campbell
Senior United States District Judge