**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Joy Fahr, | No. CV-20-08114-PCT-DGC (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, | |
| Respondent. | |

Petitioner Joy Fahr is confined in Arizona state prison. *See* Doc. 43. She commenced this federal action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. She also has filed a motion for summary judgment. Doc. 28.

Magistrate Judge Deborah Fine has issued a thorough and thoughtful report recommending that the Court dismiss the petition as time-barred and deny the summary judgment motion ("R&R"). Doc. 37. Fahr filed an objection, to which Respondent David Shinn, Director of the Arizona Department of Corrections, responded. Docs. 41, 42.[1] For reasons stated below, the Court will accept the R&R, dismiss the habeas petition, and deny the summary judgment motion.

/ / /

---

[1] Respondent Shinn has been substituted for the State of Arizona, Yavapai County, and the Arizona Department of Corrections. *See* Docs. 1, 5.

**I.      Background.**

Fahr pled guilty in two state-court cases to fraudulent schemes and artifices, taking the identity of another person, and forgery. Doc. 25-1 at 30-39, 46-82; *see also Arizona v. Fahr*, Nos. CR-2011-80486, CR-2012-80089 (Yavapai Cty. Super. Ct.). In June 2014, she received a sentence of 10.5 years in one case, consecutive to 4.5 years in the other, for a total 15 years. Doc. 25-1 at 108-36.

In August 2014, Fahr filed a *pro per* petition for post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 25-2 at 3-48. She was later appointed counsel and an amended petition was filed. The superior court denied the petition (*id.* at 82-83), Fahr sought appellate review (*id.* at 88-116), and the Arizona Court of Appeals granted review and denied relief on May 2, 2017 (*id.* at 120-23). Fahr did not seek review of that decision in the Arizona Supreme Court. *Id.* at 118.

Fahr filed several other *pro per* PCR petitions in state court, and one petition with counsel, between June 2016 and February 2020. *See* Docs. 25 at 6-9, 37 at 7-10. The superior court dismissed each of these petitions because Fahr's claims were precluded under Rule 32.2(a). *Id.* Fahr did not seek review of the dismissals. *Id.*

Fahr brought this *pro per* habeas action on May 15, 2020. Doc. 1. She asserts four grounds for relief: (1) she did not enter her plea knowingly, intelligently, and voluntarily; (2) she did not agree to consecutive prison sentences and her trial counsel told her she would receive only concurrent terms with a maximum sentence of 10.5 years; (3) the presentence report contained inaccurate information that was used as an aggravating circumstance at sentencing; and (4) the superior court denied her request to modify her sentence and place her on probation. *Id.* at 5-10. Although not specifically listed in her grounds for relief, Fahr also contends that her trial counsel was ineffective in negotiating the plea agreement and failing to argue that she should receive concurrent sentences, she is entitled to additional credit for presentence incarceration, and the amount taken from her prison account should be reduced because she is disabled. *Id.* at 7-12.

Fahr further asserts that she has a low IQ and can barely read and write. *Id.* at 5, 13. Regarding the timing of her habeas petition, Fahr states she had "been going back [and] forth" with the State and the Yavapai County judge "until April of 2020," thinking they would "d[o] the right thing." *Id.* at 13. According to Fahr, the State informed her in March 2020 that she had "other venues," and she then sought a paralegal from the prison librarian and waited more than 60 days to find out that there was no access to a paralegal due to COVID-19. *Id.*; *see also* Docs. 25 at 10, 37 at 11-12.

Respondent argues that Fahr's habeas petition is time-barred (Doc. 25 at 10-19), that her claims are procedurally defaulted without excuse (*id.* at 19-28), and that her state law claims provide no basis for federal habeas relief (*id.* at 28-30). In her *pro per* reply, Fahr asserts that equitable tolling of the limitation period is warranted because she has "literacy issues along with organizational problems" and has been pursuing her rights diligently as shown by her "constant filings" without an attorney. Doc. 31 at 1, 8. She further asserts that she does not understand Respondent's "legal mumbo jumbo" and that she prepared her habeas petition with help from other inmates and case law from state court documents filed by her PCR counsel. *Id.* at 1, 9.

In November 2020, Fahr filed a *pro per* motion for summary judgment in which she reasserts arguments made in her habeas petition and requests immediate release from prison. Doc. 28. The motion is fully briefed. Docs. 33, 34.

Judge Fine found Fahr's habeas petition barred by the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241. Doc. 37 at 13-23. Judge Fine further concluded that Fahr's summary judgment motion is not appropriate in this habeas action and is moot because the habeas claims are time-barred. *Id.* at 25-25.

## II.    Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made,

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### III.    Fahr's Habeas Petition Is Time Barred.

In the AEDPA, Congress established a one-year limitation period for the filing of federal habeas petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction and sentence become "final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Statutory tolling is available for the time during which a "properly filed" PCR proceeding is pending in state court. § 2244(d)(2). Equitable tolling applies where the petitioner shows that some "extraordinary circumstance" prevented her from filing on time and that she has diligently pursued her rights. *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

As Judge Fine correctly concludes, although Fahr was sentenced on June 23, 2014, the start of the AEDPA's one-year limitation period was statutorily tolled through the conclusion of her properly-filed first PCR proceeding. Doc. 37 at 15. Because Fahr did not file a petition for review with the Arizona Supreme Court, the last day of statutory tolling was June 1, 2017, thirty days after the Arizona Court of Appeals issued its May 2, 2017 decision denying relief. *Id.* None of Fahr's subsequent PCR petitions resulted in statutory tolling because the state courts correctly found they were not properly filed. *Id.* The AEDPA's one-year limitation period therefore began to run on June 2, 2017, and expired on June 1, 2018, nearly two years before Fahr filed her habeas petition in this Court on May 15, 2020. *Id.* at 15-16; *see* Doc. 1.[2]

---

[2] As Judge Fine also noted, even if Fahr's other PCR proceedings had been properly filed, AEDPA's one year statute of limitations would have begun on June 2, 2017 and expired on June 1, 2018 because Fahr's second and third PCR proceedings were concluded before June 1, 2017 and her fourth and fifth PCR proceedings were initiated after the statute of limitations period expired on June 1, 2018. Doc. 37 at 16.

- 4 -

Fahr contends that equitable tolling is warranted because of her alleged mental impairment. *See* Doc. 31 at 1, 8. This Circuit has held that "eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) First, a petitioner must show [her] mental impairment was an 'extraordinary circumstance' beyond [her] control . . . by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered [her] unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent [she] could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citation omitted). "The 'totality of the circumstances' inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay." *Id.* at 1100.

### A.    First *Bills* Criterion.

The Court agrees with Judge Fine that Fahr's allegations regarding her mental condition are insufficient to justify equitable tolling under the Ninth Circuit test. Doc. 37 at 20. Fahr has not shown that she was unable rationally or factually to personally understand the need to timely file, or that her mental state rendered her unable personally to prepare a habeas petition and effectuate its filing. *Bills*, 628 F.3d at 1100.

Before her sentencing in June 2014, Fahr was evaluated by a court-appointed psychiatrist, Dr. John H. Raney. Doc. 25-1 at 84. Dr. Raney produced a detailed report which opined that Fahr was competent to enter guilty pleas and assist in sentencing. *Id.* at 86, 89, 94, 95. He found that Fahr had psychiatric disorders, but wrote that "[d]espite her limited formal education, she overall impressed me, based on her long letter and my interview with her, as being able to analyze and put together thoughts as well as someone in the low average range or even average range of intellectual ability." *Id.* at 86.

This finding comports with Fahr's active *pro per* litigation about the legitimacy of her sentences over the course of several years in state court:

- Fahr was told at her sentencing that she had 90 days to file a PCR petition, and she did so on her own on August 18, 2014. *Id.* at 138-45. Her handwritten petition argued that she was denied competent trial counsel for specific reasons, that she was unlawfully induced to plead guilty, that her sentencing relied on an unlawful prior conviction, and that the sentencing did not comply with state statutes. *Id.* at 139-41.
- On June 14, 2016, Fahr filed a second *pro per* PCR petition which set forth detailed argument, dates, and financial information. Doc. 25-1 at 125-36.
- On August 8, 2016, she filed a third PCR through counsel. *Id.* at 140.
- On October 30, 2019, Fahr filed a *pro per* fourth PCR petition which included a detailed and coherent discussion of her grievances. Doc. 25-3 at 5-12. She filed a detailed reply in support (*id.* at 25-28) and attached a thorough declaration (*id.* at 40-43).
- On May 7, 2020, Fahr filed a *pro per* fifth PCR petition, again setting forth detailed arguments. Doc. 25-3 at 56-60. When the petition was denied, she filed two motions for reconsideration. *Id.* at 76-88.
- On May 11, 2020, Fahr filed her *pro per* petition in this case, which she has actively litigated. Doc. 1.

This history shows that Fahr is capable of asserting her rights in court. She has filed four *pro per* state-court PCR petitions, briefed and supported them with exhibits and declarations, and engaged in motion practice. In this Court she has filed a lengthy and detailed habeas petition, a reply in support, objections to Judge Fine's R&R, a motion for summary judgment, and a reply in support.

Fahr has not shown, at any point during the limitations period, that her mental condition was so severe she "was unable rationally or factually to personally understand the need to timely file" a habeas petition, or that her "mental state rendered [her] unable

personally to prepare a habeas petition and effectuate its filing." Doc. 37 at 20 (quoting *Bills*, 628 F.3d at 1100).

The Ninth Circuit has explained that "[l]ow literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition." *Baker v. Cal. Dep't of Corr.*, 484 Fed. App'x 130, 131 (9th Cir. 2012). Further, as Judge Fine correctly observed:

> A petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g.*, [*Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)] ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Alexander v. Schriro*, 312 Fed. Appx. 972, 976 (9th Cir. 2009) (a petitioner's "incorrect interpretation of the statute" and miscalculation of the limitations period "does not amount to an 'extraordinary circumstance' warranting equitable tolling"). A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Ballesteros v. Schriro*, CIV 06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). To qualify for equitable tolling, "an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations, quotations and alterations omitted).

Doc. 37 at 17-18.

In her multiple *pro per* PCR proceedings, Fahr has been able to read and accurately complete required forms, set forth cogent arguments, and identify the correct rules of procedure. In this habeas action she not only sets forth specific grounds for relief in her petition, but also shows that she has sufficient understanding of Respondent's defenses to address them in her reply with supporting legal citations.

- 7 -

The Court, like Judge Fine, agrees with Dr. Raney's description of Fahr's mental abilities: "Despite her limited formal education, she overall impressed me . . . as being able to analyze and put together thoughts as well as someone in the low average range or even average range of intellectual ability." Doc. 25-1 at 86. Dr. Raney further noted that Fahr had "an adequate understanding of the legal matters" relating to a plea agreement and the sentencing. *Id.* at 86, 89. The Court concludes that Fahr does not have a mental impairment so severe that she was unable to file a timely habeas petition.

In her objection to Judge Fine's finding that she is not entitled to equitable tolling, Fahr largely argues the merits of her habeas claims and makes few specific objections to the R&R. Doc. 41. She asserts that that the Court "should not dismiss on procedural bar or default as recommended" because she filed multiple PCR petitions. Doc. 41 at 10. Fahr apparently believes that she properly exhausted her federal habeas claims by filing five state-court PCR petitions, but that fact is irrelevant given that her habeas petition is untimely under the AEDPA. *See* Doc. 42 at 2. And to the extent Fahr asserts that her filing of the PCR petitions demonstrates diligence entitling her to equitable tolling, she is incorrect. Her four *pro per* PCR petitions show her "ability to file a federal habeas proceeding[] and her lack of diligence in doing so." Doc. 37 at 19-20.

Fahr also appears to assert that her failure to timely file a habeas petition should be excused because her PCR counsel told her "she was not here[] to file any fed[eral] claims for review or appeal [and] that she has no credential for fed[eral] law." Doc. 41 at 11-12. If true, this conversation at least alerted Fahr to the fact that there may be federal avenues of relief. Fahr states that she "continued to file on [her] own in state court [and] no one ever told [her] different courts time frames of what [she] needed to [do]." *Id.* at 12. She asserts that she has no "knowledge of what tolling or equitable tolling even means," and that she "should not lose her right because of ignorance of the law or . . . her diagnosis SMI low IQ bipolar depression." *Id.* at 12-13. But Fahr does not challenge Judge Fine's conclusion that her "pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary

circumstances justifying equitable tolling." Doc. 37 at 17 (citing *Rasberry*, 448 F.3d at 1154). Particularly in light of her extensive history of litigating her claims in state court, Fahr has not shown that her limitations constitute an "extraordinary circumstance" that made "it *impossible* to file a petition on time." *Bills*, 628 F.3d at 1097 (emphasis in original); *see also Baker*, 484 Fed. App'x. at 131 (citing *Bills* and noting that the petitioner's "evidence does not establish any impossibility due to mental condition or any other extraordinary circumstance").

### B. Second *Bills* Criterion.

The Court agrees with Judge Fine that "the record does not reflect any efforts made by [Fahr] to timely file a [federal] habeas petition, let alone efforts constituting reasonable diligence." Doc. 37 at 19. Although Fahr litigated the validity of her sentences during part of the six-year period between her sentencing and the start of this habeas action, these efforts were all in the form of state-court PCR petitions. Fahr identifies no effort she made to assert her federal habeas claims. Rather, Fahr concedes that she decided to continue her efforts in state court, hoping that court would do "the right thing." Doc. 1 at 13. And Fahr does not address the more than three years between her third and fourth state PCR petitions (August 8, 2016 to October 30, 2019), during which she apparently made no effort to assert state or federal claims.

Fahr has not satisfied the second prong of the *Bills* test – "that [she] diligently pursued [her] claims 'to the extent that [she] could understand them.'" *Trevizo v. Borders*, No. 1:16-cv-01845-DAD-SKO HC, 2018 WL 3017547, at *12 (E.D. Cal. June 14, 2018) (quoting *Bills*, 628 F.3d at 1100, and noting that "a lack of legal assistance or lack of adequate legal assistance is not grounds for equitable tolling, because there is no right to legal assistance in post-conviction relief"); *see also Brown v. Ryan*, No. CV-14-8229-PCT (DJH), 2015 WL 3990513, at *9 (D. Ariz. June 30, 2015) (dismissing habeas action where the petitioner "[did] not explain what efforts he made to pursue his claims" or "explain how his alleged mental health impairment prevented him from filing his petition"); *Tsosie v. Ryan*, No. CV-16-08003-PCT-PGR (JZB), 2016 WL 6089830, at *4 (D. Ariz. Aug. 19,

2016) (dismissing late-filed habeas action where the petitioner "demonstrated no diligence in seeking or locating assistance to assist with the filing of the [p]etition"); *Conoboy v. Ryan*, No. CV-18-8089-PCT-JJT (DMF), 2018 WL 7515966, at *6 (D. Ariz. Oct. 11, 2018) (dismissing untimely habeas petition where, despite his alleged mental impairment, the petitioner "has not shown that he acted diligently in pursuing his habeas claims"); *United States v. Felix*, No. CR-11-03280-TUC-JGZ, 2019 WL 5718769, at *6 (D. Ariz. Nov. 5, 2019) ("Although the case record reflected that Felix had some difficulty in mental functioning, Felix fails to establish that he suffered from a severe mental impairment that prevented him from timely filing."); *Rosiles v. Pfeiffer*, No. 2:17-cv-02600 KJM GGH P, 2019 WL 3996399, at *5 (E.D. Cal. Aug. 23, 2019) ("Review of the record demonstrates that petitioner has failed to show that his mental impairments were the but-for cause for his delay in filing a timely federal habeas petition.").

### C.   Equitable Tolling Conclusion.

This Circuit has "stressed that equitable tolling is unavailable in most cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Bills*, 628 F.3d at 1097 (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (alterations omitted). Fahr has failed to meet this high burden. The Court will accept Judge Fine's recommendation that Fahr's habeas petition be dismissed as untimely. Doc. 37 at 23, 26.[3]

### IV.   Fahr's Summary Judgment Motion Is Inappropriate and Moot.

In her summary judgment motion, Fahr argues the merits of the habeas petition and requests oral argument or an evidentiary hearing "if the Court feel[s] it is needed[.]" Doc. 28 at 1. Summary judgment procedures generally are ill suited to habeas cases. *See* Doc. 37 at 25 (citing Rules Governing Section 2254 Cases, Rule 12; Brian R. Means,

---

[3] Fahr does not object to Judge Fine's conclusion that the "actual innocence gateway" to federal habeas review is not applicable in this case. Doc. 37 at 22-23 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)). Nor does Fahr object to Judge Fine's conclusion that the state law claims Fahr asserts in ground four are not addressable in habeas proceedings. *See id.* at 23-24. Fahr objects to factual characterizations in the background section of the R&R (Doc. 41 at 4, 6, 11), but those background facts are not relevant to the timeliness of her habeas petition. *See* Doc. 42 at 5-6.

Rule 56, Federal Habeas Manual § 8:36 (2018) (discussing the practical difficulties of applying summary judgment to habeas matters, particularly involving state prisoners in § 2254 cases)).  The Court has not approved the filing of a summary judgment motion in lieu of the procedures the Court ordered on the habeas petition.  *See id.* (citing Doc. 5).

What is more, Fahr's summary judgment arguments mirror the arguments she makes in her habeas petition.  Fahr does not object to Judge Fine's conclusion that Fahr cannot avoid the procedural requirements and limitation period for a habeas petition by filing a summary judgment motion on the merits.  *Id.*  The Court will accept Judge Fine's recommendation that the summary judgment motion be denied.  *See id.*

### V.     Certificate of Appealability

Fahr objects to Judge Fine's recommendation that a certificate of appealability be denied.  Docs. 37 at 26, 41 at 26.  But Fahr has made no showing of the denial of a constitutional right, and no reasonable jurist would find her petition timely.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court will deny a certificate of appealability.

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 37) is **accepted**.
2. Fahr's habeas petition (Doc. 1) is **dismissed** with prejudice.
3. Fahr's motion for summary judgment (Doc. 28) is **denied**.
4. A certificate of appealability is **denied**.
5. The Clerk of Court is directed to **terminate** this action.

Dated this 18th day of August, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge